## UNITED STATES v. LANCASTER.
### Cr. No. 13758.

United States District Court
W. D. Pennsylvania.
Oct. 1, 1953.

W. W. Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Lewis J. Nescott, McKeesport, Pa., for defendant.

McVICAR, District Judge.

This action is before the Court on defendant's motion made under Title 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed upon him by this Court on May 8, 1953.

Defendant pleaded nolo contendere to an indictment in seven counts charging him as follows:

Cts. 1 and 3: Making plates for reproduction of U. S. Notes.

Cts. 2 and 4: Possessing such plates.

Cts. 5, 6 & 7: Making photographs of U. S. Note or a part thereof.

Defendant admits that he knew of and pleaded knowingly and willingly to the counts charging him with making photographs of United States currency, but insists that he was not aware of the existence of any charges against him relating to counterfeiting.

In support of this contention he alleged in his motion that he never had a copy of the indictment, that his court-appointed attorney misled him by advising him that he was not charged with counterfeiting but only with the photographing of United States currency, and, further, that the United States Attorney in charge of the proceedings against him similarly misled and misinformed him. The Government in its answer denied these allegations.

There being nothing to show that this defendant was entitled to no relief, the Court granted a hearing, directing the prisoner to be brought from the place of his incarceration. The hearing having been held and concluded, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact.

1. The indictment was laid under Title 18 U.S.C. 474 charging defendant in seven counts, four counts of which relate to the making of plates for the reproduction of United States notes or possessing such plates; and three counts of which relate to the making of photographs of United States currency.

2. Defendant at the time of these proceedings against him was 27 years of age, having had a prior criminal record including a charge and conviction of burglary.

3. Defendant being without counsel, the Court on April 28, 1953, appointed George Shorall, Esq. as attorney for the defendant.

4. On April 30, 1953, the defendant was arraigned in open court, and with his attorney standing beside him, he pleaded not guilty. At this proceeding the United States Attorney in his summary referred to the fact that counterfeiting was charged in the indictment and defendant then stated that he was familiar with the contents of the indictment. (See Transcript of Arraignment).

754

5. On May 8, 1953, defendant withdrew his plea of not guilty by signing a statement on the back of the indictment, joined in by his attorney, and pleaded nolo contendere.

6. At the hearing on the plea May 8, 1953, the Court advised him he could withdraw his plea and have a jury trial. He replied, "I cannot do that because I did it." And when the Court said, "We will allow you to change the plea", defendant's response was "I made the stuff and so I am guilty of doing that." (See pp. 9 and 10 Transcript of hearing on plea and sentence.)

7. The Court on defendant's plea of nolo contendere gave the following sentence:

The sentence of the Court is that on Counts 1 and 2 the defendant be committed to the custody of the Attorney General for imprisonment in a penal type of institution for and during the period of two years; on Counts 3 to 7 inclusive, that the defendant be placed on probation for a period of three years, the probation to begin when you are discharged from prison under the sentence on Counts 1 and 2. No fine and no costs.

8. Defendant started serving his sentence on May 8, 1953, and has continued serving the sentence since that date. On August 4, 1953, he filed the motion in this case to vacate the sentence, relying on the averments in his motion that he never had a copy of the indictment, that his court-appointed attorney misled him by advising him that he was not charged with counterfeiting but only with the photographing of United States currency, and, further, that the United States Attorney in charge of the proceedings against him similarly misled and misinformed him.

9. The only charge in the indictment where counterfeiting is specifically set forth is in the second count where he is charged with possession of plates with intent of using such plates in counterfeiting.

10. On September 11, 1953, a rule to show cause why defendant's motion should not be granted was issued on the United States Attorney. Answer was filed thereto on September 21, 1953, denying defendant's allegations.

11. The Court, on September 24, 1953, at defendant's request, appointed another attorney, Lewis J. Nescott, Esq., to represent him on his motion.

12. Hearing on the motion was fixed for September 29, 1953 at 10:00 A.M. Defendant appeared in Court on the day set, together with the attorney appointed for him in this matter.

13. Defendant testified at the hearing and repeated the charges made in support of his motion.

14. Former Assistant United States Attorney, Philip Carr, who had represented the Government, testified at the hearing, as did the attorney formerly representing the defendant, and both witnesses denied that they had told defendant no counterfeiting charges were being made against him. His former counsel asserted that he had spent several hours explaining the indictment to the defendant, visiting him in the local jail. Both witnesses were cross-examined by defendant's present attorney.

15. The evidence adduced at the hearing and in the records of this case establishes that the defendant was read a copy of the indictment by the attorney appointed for him by the Court, that it was explained to him, that he was not misinformed of the contents thereof, and that he was not misled by the Government or by his attorney.

Conclusions of Law.

1. The Court has jurisdiction of this matter under Title 28 U.S.C. § 2255.

2. The defendant knew the contents of the indictment before making his plea of nolo contendere and he was not misled in any way.

3. The sentence imposed was authorized by law.

4. There has been no denial or infringement of the constitutional rights of the prisoner.

5. The motion to vacate, set aside or correct the sentence should not be granted.

An appropriate order will be entered.