UNITED STATES

v.

LANCASTER.

No. 11205.

United States Court of Appeals Third Circuit.

Submitted March 5, 1954.

Decided March 16, 1954.

W. B. Lancaster, pro se.

John W. McIlvaine, U. S. Atty., W. Wendell Stanton, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, KALODNER and HASTIE, Circuit Judges.

PER CURIAM.

Appellant was indicted under Title 18 U.S.C. § 474 for making plates for the reproduction of United States notes, possessing such plates and for making photographs of United States currency. At that time he was twenty-seven years old and had been previously convicted of burglary. As he was without counsel the court appointed an attorney to represent him. According to the record appellant was arraigned in open court on April 30, 1953, with his lawyer attending. At the arraignment the Assistant United States attorney in the course of querying appellant regarding the indictment specifically stated that the indictment charged the appellant with "counterfeiting." In response to the Assistant District Attorney's question "Are you familiar with the contents of this indictment?" appellant answered "Yes" and then pleaded "Not guilty".

On May 8, 1953 in open court, with his attorney standing beside him, as the record shows, the Assistant District Attorney asked him, "Have you had an opportunity to discuss with your attorney the indictment returned in this district charging you in Counts 1 and 3 with making plates for the reproduction of United States notes; in Counts 2 and 4 with possessing those plates; Counts 5, 6 and 7, with making photographs of United States notes, in other words, for photographing and making plates of United States notes?" appellant answered "Yes sir", and stated that he wished to change his plea from "not guilty" to "nolo contendere" and did so. For the purpose of sentence the facts in connection with the indictment were then outlined to the court by a representative of the United States Secret Service. After this had been done appellant's attorney stated to the court "We do not contest the facts" and went on to present circumstances in mitigation. The court advised appellant "I want to say to you still if you want a jury trial on this indictment you can withdraw your plea and go to a jury." Appellant refused and thereafter the court sentenced him to two years imprisonment on the first two counts and to three years probation on the balance of the counts.

On August 4, 1953 appellant moved to vacate, set aside or correct sentence under Section 2255 of Title 28. His main contentions were that both his attorney and the Assistant District Attorney misled him as to the contents of the indictment against him; that he did not know the contents of the indictment and that they told him that he was being tried for making photographs of United States currency and that there were no counterfeiting charges pending. Appellant alleged that had he known the complete contents of the indictment and that a charge of counterfeiting was contained therein he would not have pleaded "nolo contendere". Appellant's attorney having withdrawn from the case the court, at appellant's request, appointed another attorney to represent him on the motion. At the hearing on the motion appellant testified and repeated his charges. The Assistant District Attorney who had represented the Government when appellant changed his plea was a witness as was appellant's former attorney. They both

**476**

denied that appellant did not know counterfeiting charges were being made against him. Appellant's former attorney testified that he had spent several hours explaining the indictment to appellant.

The district judge found that appellant's attorney had read him a copy of the indictment; that the indictment had been explained to him; that he had not been misinformed of its contents; that he had not been misled by the Government or by his attorney and denied the motion. D.C., 114 F.Supp. 753.

Our own examination of the record reveals that Judge McVicar in the district court, together with counsel for the appellant and for the Government, zealously and fully protected appellant's rights throughout the district court proceedings. The denial of the motion was justified. It will be affirmed.